UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ULYSSES SCOTT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 14 C 6657 |
| CHICAGO POLICE DEPARTMENT, L. ALTAMIRANO (#2722) and B.O. CHINCHILLA (#9445) | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendants Chicago Police Department, Chicago Police Officer L. Altamirano ("Altamirano") and Chicago Police Officer B.O. Chinchilla's ("Chinchilla") (collectively "the Defendants") to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Defendants' motion is granted concerning Scott's 42 U.S.C. § 1983 ("§ 1983") claims and the Court declines to exercise jurisdiction of Scott's remaining Illinois state claims.

## BACKGROUND

For the purposes of the instant motion, the following well-pleaded allegations derived from *pro se* Plaintiff Ulysses Scott's ("Scott") complaint are accepted as true.

The Court draws all reasonable inferences in favor of Scott. *Purdue Research Found v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003).

On February 1, 2012, Scott was pulled over in the west side of Chicago, Illinois by four officers of the Chicago Police Department. Scott was searched and placed in a police squad car where he was detained. During his detention, Scott's car was searched without his permission and his car was impounded. While Scott was still in the custody of the unnamed Chicago Police officers they drove him to his place of business.

Scott saw Officers Altamirano and Chinchilla and several other Chicago Police Officers enter Scott's business and remove retail goods, furniture, fixtures, televisions, computers, and store surveillance items. The officers' actions were not limited to removing items; Scott alleges that the officers also cut holes in drywall, damaged door locks and destroyed various other items in his store, which left the business inoperable.

After leaving Scott's business, he was taken to a Chicago Police Station without cause or an explanation. Upon his arrival he was robbed and humiliated in the course of an invasive body cavity search. Scott was processed into the jail and falsely imprisoned for 16 days. After his bail was paid, Scott was maliciously prosecuted for several crimes. After two and a half years, Scott proceeded to trial on the charges against him and received a directed verdict of not guilty.

On August 28, 2014, Scott filed the instant complaint alleging false arrest and false imprisonment, unlawful search and seizure, excessive force, deprivation of property without due process, conspiracy, and *Monell* claims brought pursuant to § 1983. Scott also alleges a variety of Illinois state law claims including, assault, battery, false arrest and imprisonment, conversion, malicious prosecution, conspiracy and intentional infliction of emotional distress. On November 24, 2014, the Defendants moved to dismiss all of Scott's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The claims must be described "in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting

*Twombly,* 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Id.* at 678. *Pro se* complaints should be construed liberally and held to a less stringent standard than those drafted by attorneys. *Luevano v. Wal–Mart Stores, Inc.,* 722 F.3d 1014, 1027 (7th Cir. 2013).

## DISCUSSION

### 1. Claims Brought under § 1983

The Defendants seek to dismiss Scott's § 1983 claims as untimely. While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. *See Andonissamy v. Hewlett–Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) ; *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008). In determining the applicable statute of limitations in § 1983 claims, "federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). The Illinois statute of limitations for personal injury actions is two years. 735 ILCS 5/13-202. Once the applicable period of limitations is established, federal law determines when that claim begins to accrues. *Serino*, 735 F.3d at 590 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). The general rule for § 1983 claims is that the statute of limitations begins to run "when the plaintiff knows or has

reason to know of the injury which is the basis of his action." *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994).

### A. Fourth Amendment False Arrest and False Imprisonment Claims

Scott alleges in his complaint that Altamirano and Chinchilla, along with several unnamed officers of the Chicago Police Department falsely arrested him and falsely imprisoned him in violation of the Fourth Amendment on February 1, 2012. The Defendants contend that Scott's claims are untimely and should therefore be dismissed. A § 1983 claim for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The *Wallace* Court gives examples of being "detained pursuant to legal process," including being bound over by a magistrate or arraigned on charges.

The state court docket shows that on February 2, 2012, a judge found probable cause to detain Scott.[1] The Defendants argue that Scott's claim accrued the day the state court judge found probable cause to detain him pursuant to *Gerstein*, which was February 2, 2012. *See Gerstein v. Pugh*, 420 U.S. 103, 125 (1975) ("the Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention"). Scott only contends that his claims began to accrue at the time of his arrest on February 1, 2012. Scott's protestations decrease the applicable filing date for his claim; ultimately, the difference of a day is immaterial.

---

[1] A court may take judicial notice of a state court's docket without converting a Rule 12(b)(6) motion into a motion for summary judgment. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 493 (7th Cir. 2011).

The Seventh Circuit has not addressed whether a judge finding probable cause marks the beginning of "legal process" in accordance with *Wallace*. However, the Tenth Circuit and two district court opinions in the Northern District of Illinois have determined that being detained following a *Gerstein* hearing constitutes detention pursuant to legal process. *See Young v. Davis*, 554 F.3d 1254, 1257 (10th Cir. 2009); *Pope v. City of Chicago*, No. 08 cv 4715, 2009 WL 811625, at *2 (N.D. Ill. March 24, 2009); *Barrow v. City of Chicago*, 13 cv 8779, 2014 WL 1612712, *3 (N.D. Ill. April, 24, 2014). Furthermore, in calculating the accrual date of Scott's false imprisonment claim, the Seventh Circuit has determined, "a false arrest claim accrues when [a plaintiff] is held pursuant to a warrant or other judicially issued process." *National Cas. C. v. McFatridge*, 604 F.3d 335, 344 (7th Cir. 2010).

Therefore, Scott's false arrest and false imprisonment claims accrued on February 2, 2012, when the state court found probable cause to detain him. Accordingly, Scott's complaint filed on August 28, 2014 is over the Illinois two year statute of limitations and, therefore, untimely. Because Scott's false arrest and false imprisonment claims are untimely, the Court dismisses both claims.

**B. Excessive Force**

Scott alleges in his complaint that on February 1, 2012 that officers utilized excessive force in removing him from his vehicle and handcuffing him. A claim of excessive force "accrues immediately" at the time the alleged excessive force occurs. *Evan v. Poskon*, 603 F.3d 362 (7th Cir. 2010). Scott's excessive force claims began to

accrue on February 1, 2012, which is more than two years after he filed his complaint. The Court dismisses Scott's excessive force claim as untimely.

### C. Deprivation without Due Process

Scott alleges that on February 1, 2012, he observed Officers Altamirano and Chinchilla destroy and take retail goods, fixtures, and other items from his place of business. Additionally, Scott states that when he arrived at the police station to be booked, he was robbed. A claim brought under the Fourteenth Amendment for deprivation of property without due process accrues when the injury is "complete," which is when the actual deprivation occurs. *See Lawshe v. Simpson*, 16 F.3d 1475, 1480 (7th Cir. 1994). Scott does not specify the time period in which he was robbed while in jail, however he does provide that he was incarcerated until his bail was posted 16 days after his arrest. Even if Scott's robbery occurred on the last date of his confinement, February 18, 2012, his claims cannot be saved. Scott did not bring his lawsuit until August 28, 2014, which was after the two-year statute of limitations period permitted under § 1983. Scott's deprivation of property without due process claim is dismissed.

### D. Conspiracy Claim under § 1983

Scott alleges that Defendant Officers "conspired together to violate one or more of [his] civil rights." To state a claim for conspiracy under § 1983, a complaint must include plausible allegations of a conspiracy to violate Plaintiff's constitutional rights. *Geinosky v. City of Chicago*, 675 F.3d 743, 749 (7th Cir. 2012). Scott's conclusory

allegations of a conspiracy to violate his civil rights fail to sufficiently allege the necessary factual allegations to support his claim. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (The Seventh Circuit determined that a complaint "bereft of any suggestion, beyond a bare conclusion, that the . . . defendants were leagued in a conspiracy" is insufficient to allege a conspiracy.)

### E. Fourth Amendment Unlawful Search and Seizure Claims

Scott alleges that on February 1, 2012, he was subjected to an unlawful search and seizure during the course of his arrest. The statute of limitations for an unlawful search or seizure accrues at the time of the act. *See Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). As above, Scott's August, 28, 2014 complaint alleging constitutional claims occurring on February 1, 2012 is beyond the two year Illinois statute of limitations and, therefore, it is dismissed as untimely.

### F. *Monell* Claim

Scott alleges that the Defendants' actions were performed pursuant to a custom or policy of the Chicago Police Department. Policymakers can be sued in their official capacity for promulgating unconstitutional policies or allowing unconstitutional practices so regularly that they have the force of policy. This is referred to as *Monell* liability. *Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 674–75 (7th Cir. 2009) (*citing Monell v. City of New York*, 436 U.S. 658 (1978)). However, the Chicago Police Department is merely a department within the organizational structure of the City of Chicago, and therefore is not a legal entity

subject to suit. *See West v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997); *Reese v. Chicago Police Dept.,* 602 F.Supp. 441, 443 (N.D. Ill. July 23, 1984).

Assuming arguendo that Scott had alleged a *Monell* claim against the City of Chicago, his claims could not be remedied by a more exacting pleading. A plaintiff cannot maintain a *Monell* claim without establishing an underlying constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Scott's *Monell* claim can only go forward to the extent that it is based on claims that have been timely filed. *See Armour v. Country Club Hills*, No. 11 cv 5029, 2014 WL 63850 at*3, 5 (N.D. Ill. Jan. 8, 2014) (holding that *Monell* claims were time barred to the extent that they were based on other time barred events). A municipality can only be held liable under § 1983 if its municipal policy or custom caused the plaintiff's constitutional injury. *See Monell*, 436 U.S. at 691. Here, Scott's claims for false imprisonment, false arrest, unlawful search and seizure, excessive force and deprivation of property without due process are untimely. Therefore, Scott's *Monell* claim which is tethered to his constitutional violations is also time-barred. The Court dismisses Scott's *Monell* claim.

**2. Illinois State Law Claims**

Scott alleges numerous Illinois state law claims including assault, battery, false arrest and imprisonment, conversion, malicious prosecution, conspiracy and intentional infliction of emotional distress. The Seventh Circuit has instructed that, "[t]he supplemental jurisdiction statute provides that the district court 'may decline to

exercise supplemental jurisdiction' over state-law claims if the court 'has dismissed all claims over which it has original jurisdiction.'" *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (quoting 28 US.C. § 1367(c)(3)). Although the decision to exercise supplemental jurisdiction is within the district court's broad discretion, "[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co.*, 672 F.3d at 479 (quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). The Court, in its discretion, declines to exercise supplemental jurisdiction over Scott's remaining Illinois state law claims. They are also dismissed.

## CONCLUSION

For the aforementioned reasons, the Court grants the Defendants' motion to dismiss Scott's § 1983 claims for false arrest and false imprisonment, unlawful search and seizure, excessive force, deprivation of property without due process, conspiracy, and *Monell* claim. The Court declines to exercise supplemental jurisdiction over Scott's remaining Illinois state claims.

_____
Charles P. Kocoras
United States District Judge

Dated: 1/29/2015